**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-647 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| NATHAN KAISER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  Procedural History

On November 17, 2022, a grand jury charged Defendant with one count of felon in possession of firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) and one count of possession of a firearm by a person previously convicted of misdemeanor domestic violence in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2).  (ECF No. 1).  The indictment identified Defendant's previous convictions for a crime punishable by imprisonment for a term exceeding one year as: involuntary manslaughter with a firearm specification on September 19, 2005, aggravated assault on January 24, 2019, and domestic violence on September 9, 2021.  (*Id*. at PageID #1).  The indictment also identified a conviction for misdemeanor domestic violence from July 17, 2012.  (*Id*. at PageID #2).

On October 30, 2023, Defendant filed a motion to dismiss the indictment.  (ECF No. 17). The Defendant argues that after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Section 922(g)(1) and (g)(9)'s lifetime ban on Defendant possessing a firearm "is inconsistent with this Nation's historical tradition of firearm regulation" and runs afoul of the Second Amendment.  (*Id*. at PageID #63).  Defendant requests that the Court

1

dismiss both counts of the indictment as unconstitutional.  (*Id.*)

The Government opposed Defendant's motion on November 2, 2023.  (ECF No. 18).  The Government argues that Sections 922(g)(1) and (g)(9) are constitutional because 1) the Sixth Circuit has held in multiple published cases since *District of Columbia v. Heller*, 554 U.S. 570 (2008) that statutes like 922(g)(1) are constitutional, 2) the Second Amendment's text, history, and tradition support the ability of Congress to disarm individuals who are not law-abiding, responsible citizens, and 3) the statutes are constitutional as applied to Defendant because of his dangerous criminal history. (ECF No. 18, PageID #70).  Defendant replied in support of his motion on November 14, 2023.  (ECF No. 19).

For the following reasons, Defendant's motion to dismiss is **DENIED**.

## II.  Legal Standard

Defendant's motion to dismiss is governed by Federal Rule of Criminal Procedure 12(b)(3)(B)(v).  Rule 12(b)(3)(B)(v) provides that Defendant may move to dismiss an indictment for the Government's "failure to state an offense." An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  The indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  On a motion to dismiss the indictment, the Court must "take the government's allegations as true." *United States v. Palma*, 58 F.4th 246, 250 (6th Cir. 2023).

### III.    Analysis

#### a.  *Bruen and Rahimi Framework*

The Second Amendment states, "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." However, the "right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  After the Supreme Court's decision in *Heller*, the Courts of Appeals adopted a two-step framework for considering Second Amendment challenges which combined a historical analysis with means-end scrutiny.  *Bruen*, 597 U.S. at 17 (2022).  However, in *Bruen,* the Supreme Court rejected that two-step framework and established a new framework for analyzing Second Amendment challenges.  *Id*.  Post-*Bruen*, lower courts must first decide if the "Second Amendment's plain text covers an individual's conduct."  *Id.*  If the Second Amendment's plain text covers the conduct, "the Constitution presumptively protects that conduct." *Id*.  It is then the Government's burden to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*.

In *United States v. Rahimi*, the Supreme Court clarified that the firearm regulation must be consistent with the "principles that underpin our regulatory tradition," but there "need not be a 'dead ringer' or a 'historical twin'" for it to be valid.  144 S. Ct. 1889, 1989 (2024).  The Supreme Court conducted a historical analysis relevant to 18 U.S.C. § 922(g)(8) and concluded that our nation has a history of disarming individuals if they pose a "clear threat of physical violence to another." *Id*. at 1901.  The Court emphasized that while § 922(g)(8) is not identical to the historical regulations, it "fits neatly within the tradition the surety and going armed laws represent."  *Id*.  The Court noted that unlike the regulation in *Bruen*, § 922(g)(8) only burdens a defendant's right to

carry "once a defendant has been found to pose a credible threat to the physical safety of others." *Id*. at 1902.

### b. *Williams Dangerousness Determination*

Recently, the Sixth Circuit considered a challenge to 18 U.S.C. § 922(g)(1) in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024).  Williams raised a facial and as applied challenge to the constitutionality of § 922(g)(1).  *Id*. at 643.  Using the *Bruen* framework, the Sixth Circuit found that nothing in the Second Amendment's text distinguishes between felons and non-felons. *Id*. at 649.  Rather, the plain text confers the right to "the people," which "unambiguously refers to all members of the political community, not an unspecific subset."  *Id*. (citing *District of Columbia v. Heller*, 554 U.S. 570, 580 (2008)).

Finding no carve-out of Second Amendment protection for felons, the Sixth Circuit then conducted a detailed historical analysis and concluded that the "governments in England and colonial America long disarmed groups that they deemed to be dangerous." *Williams*, 113 F.4th at 657.  However, historically "individuals could demonstrate that their particular possession of a weapon posed no danger to peace."  *Id*.  Thus, the Sixth Circuit concluded that § 922(g)(1) is not susceptible to a facial challenge.  *Id*.  Section 922(g)(1) is susceptible to an as-applied challenge because an individual could demonstrate that he is not dangerous.  *Id*.  The Sixth Circuit held that in considering an as-applied challenge, it is Defendant's burden to show he is not dangerous.  *Id*. at 662.  The Sixth Circuit detailed what could constitute a dangerous finding:

> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary.  An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous…

4

> In any event, district courts need not find a "categorical" match to a specific common-law crime to show that a person is dangerous. Rather, district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction. Finally, when considering an individual's dangerousness, courts may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution.

*Id*. at 663.  The Sixth Circuit found that Williams's facial and as applied challenge to § 922(g)(1) failed. *Id*. at 662.  The Sixth Circuit determined that Williams's criminal record shows he is dangerous because he had two "felony counts of aggravated robbery," a previous conviction for attempted murder, and a previous conviction for possessing a firearm as a felon. *Id*.  Thus, § 922(g)(1) was constitutional as applied to him. *Id*.

c.  *Section 922(g)(1)*

Defendant argues the charge under 18 U.S.C. § 922(g)(1) violates the Second Amendment. (ECF No. 17, PageID #54).  The *Williams* court held that § 922(g)(1) is "constitutional on its face and as applied to dangerous people." *Williams*, 113 F.4th at 662–63.  Therefore, any facial challenge to the statute fails.

Any challenge to § 922(g)(1) as applied to Defendant also fails because his criminal record shows he is dangerous and can be legally disarmed.  Defendant's criminal record includes three convictions for crimes punishable by imprisonment for a term exceeding one year: involuntary manslaughter with a firearm specification, aggravated assault, and domestic violence.  (ECF No. 1, PageID #1).  Those convictions fall within the categories of crimes which the Sixth Circuit deems "highly probative" of an individual's dangerousness. *Williams,* 113 F.4th at 658.

The burden rests on Defendant to show he is not dangerous, and he cannot make that showing.  Defendant's criminal record contains numerous offenses of harm towards others and "there is little debate that violent crimes are at least strong evidence that an individual is

dangerous." 113 F.4th at 658.  The Court finds that Defendant's criminal record demonstrates a history of violence against others and Defendant has not shown that his possession of a firearm does not pose any threat of danger to others.  Given these considerations, the Court concludes that § 922(g)(1) is constitutional as applied to Defendant.

### d.  Section 922(g)(9)

Defendant argues that the 18 U.S.C. § 922(g)(9) charge violates the Second Amendment. (ECF No. 17, PageID #60).  Section 922(g)(9) prohibits an individual from possessing a firearm if he has "been convicted in any court of a misdemeanor crime of domestic violence."  For a facial challenge against § 922(g)(9) to succeed, Defendant "must show that there exists 'no set of circumstances under which the Act would be valid.'"  113 F.4th at 657 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Defendant compares § 922(g)(9) to its "sequential neighbor (g)(8), which also pertains to individuals with domestic violence backgrounds." (ECF No. 17, PageID #60).  Defendant argues, "[it] is clear from an historical review that there were no firearms prohibitions in the history of American firearm regulation remotely resembling § 922(g)(8) or (g)(9)." (*Id.*).  However, in *Rahimi*, the Supreme Court considered the constitutionality of § 922(g)(8) and concluded that "[an] individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment."  *Rahimi*, 144 S. Ct. at 1903.  The Court's historical analysis found that § 922(g)(8)'s disarmament of threatening individuals "fits neatly within the tradition the surety and going armed laws represent."  *Id.* at 1901.  The Supreme Court found that § 922(g)(8) survived both the facial challenge and Rahimi's as-applied challenge. *Id.* at 1902.

Section 922(g)(8) arguably pertains to a lesser category of crimes than § 922(g)(9) because (g)(8) pertains to "a court order" while (g)(9) only applies to convictions.  18 U.S.C. § 922(g)(8).  Defendant's argument that no history or tradition supports the disarmament of individuals with domestic violence convictions conflicts with *Rahimi's* historical findings.  While *Rahimi* focused on § 922(g)(8), it is a natural extension to apply *Rahimi's* historical analysis to § 922(g)(9) because a domestic violence conviction provides clearer evidence that an individual poses a credible threat to the safety of another.  In keeping with *Rahimi*, § 922(g)(9) is constitutional on its face.

The Court finds that Defendant's previous conviction of misdemeanor domestic violence, combined with his other mentioned convictions, demonstrates he is dangerous.  Thus, § 922(g)(9) is also valid as applied to Defendant.

### IV.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.  (ECF No. 17).  The Court will reset the trial schedule in this matter in a separate order.

**IT IS SO ORDERED.**

Date:  September 26, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**